IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RANDY ZAPATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-043 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| DFELHWC and FECA PROGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.    **Screening the Complaint**

   A.    **Background**

Plaintiff names United States Department of DFELHWC and FECA Program as Defendants in the caption of this complaint. (Doc. no. 1, p. 1.) Plaintiff checks the box by diversity of citizenship as the basis for federal court jurisdiction, and although Plaintiff states he is a citizen of Florida, he does not identify the citizenship of either Defendant. (Id. at 3.) Plaintiff does not provide the amount in controversy. (Id.) Under the portion of the complaint form reserved for listing the basis for federal question jurisdiction, Plaintiff states: "Fraud – taken federal funds illegally from Defendant." (Id.)

Plaintiff's statement of claim in its entirety reads as follows: "The worker's compensation program is stealing money through alleged deductions from Plaintiff's monthly benefit for non existant [sic] programs like life insurance and social security that the OPM never approved plus OWCP claims to be paying the OPM who has confirmed that they are not receiving from OWCP." (Id. at 4.) Under the section of the complaint form requiring a statement of requested relief, Plaintiff states, "Financial Problems." (Id.) Finally, Plaintiff attached a 119-page exhibit which includes copies of documents from a case filed in the Southern District of Florida in 2023 appearing to raise the same or similar issues as those in the instant case. (See doc. no. 1-1.)

**B.      Discussion**

**1.      Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual

2

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020);  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      No Federal Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks.  As explained below, Plaintiff's complaint currently does not provide any jurisdictional basis for proceeding in federal court.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction,

regardless of the stage of the proceedings.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiff lists diversity of citizenship as the basis for federal court jurisdiction, and although Plaintiff states he is a citizen of Florida, he does not identify the citizenship of either Defendant.  (Doc. no. 1, p. 3.)  Nor does Plaintiff provide the amount in controversy.  (Id.)  "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith," Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003), but the Court finds Plaintiff's general claim of "financial problems" does not satisfy this good faith requirement.  As explained above, diversity jurisdiction requires diversity of citizenship and an amount in controversy exceeding $75,000, and Plaintiff has not met either requirement.

To the extent Plaintiff may be trying to bring some sort of claim or appeal regarding acts or omissions of a federal agency, he does not describe any such proceedings in his

4

statement of claim, let alone allege that any of the challenged actions occurred in the Southern District of Georgia. Indeed, Plaintiff states he lives in Florida, and according to the exhibit attached to his complaint, Plaintiff's issues date back to 2013 (doc. no. 1-1, p. 9), and even earlier to 2005 when he suffered a work-related injury in Florida, (id. at 1, 15, 39, 41-43). Plaintiff does not allege he ever worked in the Southern District of Georgia, and he fails to provide any factual detail regarding the alleged fraud regarding deductions from his worker's compensation payments.

### 3.   Improper Venue

Even if the federal jurisdiction had been established, venue is not proper in the Southern District of Georgia. Under 28 U.S.C. § 1391(b), venue for a civil action is proper in:

> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the Southern District of Georgia is not the proper district under the terms of the venue statute. There is no factual detail in the complaint suggesting either Defendant is located in Georgia, let alone the Southern District, and nothing in the complaint gives any indication a substantial part of the events or omissions about which Plaintiff appears to complain occurred in this District. Indeed, Plaintiff lives in Florida, and as indicated in the exhibit attached to Plaintiff's complaint, it appears he has previously pursued related claims in the Southern District of Florida. (See doc. no. 1-1.) And although the Court may transfer an action in the

5

interest of justice instead of dismissing it, <u>see</u> 28 U.S.C. § 1406(a), given the lack of factual detail and Plaintiff's apparent previous attempts to pursue his claims in federal court in Florida, the Court declines to recommend the case be transferred.

## II.   Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 3rd day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6